UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MAXINE F. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00086-TWP-KMB |
| ) | |
| TOWN OF CORYDON, ) | |
| PAUL HAMANN Vice President, ) | |
| HOPE SCHNEIDER Council Member, ) | |
| HARLAN R. FISHER Corydon Town Council, ) | |
| DOUG CASTETTER Corydon Town Council, ) | |
| CHARLIE CRAWFORD Commissioner, ) | |
| NELSON STEPRO Commissioner, ) | |
| BRAD WISEMAN Commissioner, ) | |
| LESTER RHOADS President, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Motions to Dismiss filed by Defendants Town of Corydon, Paul Hamann ("Hamann"), Hope Schneider ("Schneider"), Harlan R. Fisher ("Fisher"), Doug Castetter ("Castetter"), and Lester Rhoads ("Rhoads"), (collectively, "Town of Corydon Defendants") (Filing No. 9), and Charlie Crawford ("Crawford"), Nelson Stepro ("Stepro"), and Brad Wiseman ("Wiseman") (collectively, the "Harrison County Commissioners") (Filing No. 15). *Pro se* Plaintiff Maxine F. Brown ("Brown") initiated this action on May 17, 2003, alleging the Town of Corydon Defendants and Harrison County Commissioners violated her civil rights pursuant 42 U.S.C. § 1983 ("§ 1983"). For the following reasons, the motions to dismiss are **granted,** and this action is **dismissed without prejudice**.

### I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all

inferences in favor of Brown as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Brown is a "Black American native and resident of Corydon, Harrison County, Indiana" ([Filing No. 1 at 8.](Filing No. 1 at 8.)) She lives in a predominantly and historically Black neighborhood in Corydon, and some of the residents refer to the neighborhood as "N--- Hill." *Id*. From the time of her birth in 1944 until she relocated to another county in 1963 and continuing from the time that she returned to Corydon in 1979 until present, Brown has been denied full access to Town of Corydon public utilities such as water/sewer and trash pickup. *Id.* Brown currently has a private sewer line that runs across a publicly traveled street, making it "impossible to protect her sewer line." *Id*.

In addition to her limited sewer and water access, she faces other difficulties residing in Corydon as well. Brown purchased a historically black school and transformed it into a cultural/educational center. *Id*. The school has been repeatedly vandalized and despite reporting the damages to local law enforcement, nothing has been done. *Id*. The school has also had its access to Town of Corydon sewer/water blocked from full access. *Id.* The Town of Corydon and Harrison County Government failed to incorporate her neighborhood into the Town of Corydon. *Id.* Officials of the Town of Corydon and Harrison County and others have engaged in suspicious acts that caused Brown to be harassed, intimidated, and threatened. *Id*. These issues have caused Brown pain and suffering to which she seeks monetary compensation and full access to Town of Corydon services. *Id.*

Brown filled out a fill-in-the-blank United States District pro se Complaint for Violation of Civil Rights for non-prisoners form, asserting § 1983 claims. *Id.* In her Complaint, she lists as defendants the Town of Corydon, Rhoads, Hamann, Schneider, Harlan Fisher, Castetter, Crawford, Stepro, and Wiseman. *Id.* Rhoads, Hamann, Schneider, Fisher, and Castetter are all

council members of the Town of Corydon. Crawford, Stepro, and Wiseman are all Harrison County Commissioners. Brown checked the box stating she is suing all of the individuals in their "official capacity." (Filing No. 1 at 2-3.)

On June 29, 2023, Brown delivered copies of the summons to Town of Corydon Manager Bruce Cunningham ("Cunningham") (Filing No. 7). When the summons was delivered, Brown was informed by Cunningham that he was allowed to accept documents on behalf of those who comprise the Town Council (Filing No. 11). The Proof of Service form also states Cunningham accepted service of process on behalf of the "Town of Corydon." (Filing No. 7.) Since June 29, 2023, Brown has not attempted to serve the Town of Corydon Defendants at any location other than that of Cunningham. The Harrison County Commissioners were also served through an agent, Chad Shireman on June 29, 2023. *Id.*

Following service, the Town of Corydon Defendants moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6) (Filing No. 9, Filing No. 10). Brown responded in opposition, (Filing No. 11), and submitted a Brief in Support of her request to proceed, (Filing No. 12), on July 31, 2023. The Town of Corydon Defendants submitted their reply on August 7, 2023, (Filing No. 13). Shortly thereafter, Harrison County Commissioners filed a Motion to Dismiss on pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 15). Brown submitted a response on September 18, 2023, (Filing No. 17), and Harrison County Commissioners replied that same day, (Filing No. 18). Brown then submitted another response—which the Court treats as a surreply--on October 30, 2023 (Filing No. 19).[1]

---

[1] In accordance with the Local Rules, all responses to 12(b) motions should be filed within 21 days. *See* U.S. Dist. Ct. S.D. Ind., L.R. 7.1(c)(2). Surreplies are typically only allowed in motions for summary judgment if new evidence is presented or a party objects to the admissibility of evidence cited in the response. *Id.* at 56-1(d). This is not a motion for summary judgment and Brown did not request permission to file a surreply, nor did this Court authorize the filing of a surreply brief.

## II.	LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When a defendant files a Rule 12(b)(5) motion, the plaintiff bears the burden to prove that the defendant was properly served. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). The plaintiff must serve the defendant within 90 days of filing the lawsuit to avoid possible dismissal of the suit unless he can demonstrate good cause for inability to do so. Fed. R. Civ. P. 4(m). Where the plaintiff has not met this burden, the district court "must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Cardenas*, 646 F.3d at

4

1005 (citing Fed. R. Civ. P. 4(m)). The decision to either dismiss or specify a time for service is discretionary. *Id.*

## III.   DISCUSSION

The Town of Corydon Defendants seek dismissal pursuant to Rule 12(b)(5) and 12(b)(6), asserting insufficient service of process and failure to state a claim for municipal liability under § 1983. Harrison County Commissioners seek dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Court will first address the Town of Corydon's motion before turning to Harrison County's motion.

### A.   **The Town of Corydon Defendants' Motion to Dismiss**

#### 1.   **Rule 12(b)(6): Failure to State a Claim Upon which Relief can be Granted**

##### a.   **Duplicative Claims**

The Town of Corydon Defendants contend Brown's Complaint should be dismissed as to Rhoads, Hamann, Schneider, Fisher, and Castetter pursuant to Rule 12(b)(6) because the claims are duplicative (Filing No. 10 at 4). A claim against an individual in his official capacity is "in all respects other than name, to be treated as a suit against the [municipal] entity ... for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see* [Ball v. City of Muncie, 28 F. Supp. 3d 797, 802 (S.D. Ind. 2014)](#) (§ 1983 claim against the Chief Executive for the City in their official capacity "dismissed as duplicative" of the claim against the City). The Complaint has named the Town of Corydon Defendants in their official capacities and has separately named the Town of Corydon itself as a defendant. Since the Town of Corydon is the real party of interest, the official capacity claims against the Town of Corydon Defendants are duplicative so the claim against Rhoads, Hamann, Schneider, Fisher, and Castetter will be **dismissed.**

### b. **Statute of Limitations**

The Town of Corydon Defendants next contend that Brown's Complaint should be dismissed pursuant to Rule 12(b)(6) because the claims within are time-barred by the statute of limitations. (Filing No. 10 at 5.) The claims raised in this action are brought pursuant to § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4(a).

The Town of Corydon Defendants argue that Brown initiated this action several years after the statute of limitations period began to run. Federal courts use federal common law to determine when the statute of limitations period begins to run. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Generally, the period begins when the plaintiff knows or has reason to know of the injury giving rise to the cause of action. *Id.* Therefore, the period for civil rights actions begins when a plaintiff has reason to know of the constitutional violation. *Ernstes v. Warner*, 860 F. Supp. 1388, 1340 (S.D. Ind. 1994). That said, "[e]ven where the limitations period and related tolling provisions for a federal claim are borrowed from state law, the time for accrual of an action will be a question of federal law. *Wallace.* 549 U.S. at 388; *Owens.* 767 F.3d 379 at 388–89; *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016); *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir.1992). A federal civil rights claim accrues "when the alleged constitutional violation was complete, and [when the plaintiff] knew of her injury and its cause." *Watson v. Metro. Enf't Grp. Of S. Illinois*, no. 23-1412, 2023 WL 5276607, at *2 (7th Cir. Aug. 16, 2023). *See also Amin Ijbara Equity Corp. v. Village*

*of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) ("Accrual 'occurs when a plaintiff knows the fact and the cause of an injury.' ") (citing *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015)).

The Complaint alleges that Brown has been denied full access to Town of Corydon's public utilities and services since the time of her birth in 1944, which might mean the alleged constitutional violation has existed for approximately 79 years and has continued to the present. However, since Brown was undoubtedly a minor at that time, she might not have been aware of the constitutional violation. *See Ernstes*, 860 F. Supp. at 1341 (stating because plaintiff was a minor at the time wrongful acts occurred, there is difficulty in deciding when accrual begins). "Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong that injures the plaintiff occurs, but the date—often the same, but sometimes later—on which the plaintiff discovers that he has been injured." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990).  Brown's Complaint makes it difficult to determine whether the accrual begins in 1979 when she returned to Corydon and should have had reason to know of the public utilities issue, or a later date to the present.  As filed, it appears Brown is initiating this action several more than 2 years after the constitutional violation occurred.  If so, Brown's federal claims against Town of Corydon Defendants and Harrison County Commissioners are time-barred, and the Complaint should be **dismissed**.

### c.      Failure to State a Claim for Municipal Liability under § 1983

The Town of Corydon Defendants also contend Brown's Complaint should be dismissed pursuant to Rule 12(b)(6) because the claims alleging "suspicious activities" fail to assert sufficient facts necessary for a claim of municipal liability (Filing No. 10 at 7). Under § 1983, a municipality may be held liable for its own violations of the Federal Constitution and laws. *Monell v. Dep't of*

*Soc. Servs.*, 436 U.S. 658, 690-91(1978). To survive a motion to dismiss, the Complaint must plead facts that suggest (1) Brown was deprived of a constitutional right; (2) the deprivation can be traced "to some municipal action (i.e., 'a policy or custom'), such that the challenged conduct is properly attributable to the municipality itself"; (3) "the policy or custom demonstrates municipal fault, i.e., deliberate indifference"; and (4) "the municipal action was the moving force behind the federal-rights violation." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (citing *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

There are three types of municipal action that can support municipal liability under § 1983: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019). The Complaint fails to state any municipal action that supports municipal liability against the Town of Corydon. Without pointing to a specific municipal action taken by the Town of Corydon, the Complaint is unable to allege how such action showed deliberate indifference or was the moving force behind the federal rights violation. The Complaint also fails to state which constitutional right Brown was deprived of. The Complaint has not sufficiently pled any of the requirements of a *Monell* action and accordingly, these claims will be **dismissed**.

### 2. Rule 12(b)(5): Insufficient Service of Process

The Court briefly discusses the Town of Corydon Defendants motion that Rhoads, Hamann, Schneider, Fisher and Castetter--the elected members of the Town Council for the Town of Corydon--were not properly served pursuant to Rule 4(e), so the claims against them should be dismissed pursuant to Rule 12(b)(5) failure of service of process (Filing No. 10 at 4). After

initiating a federal suit, the plaintiff must ensure all defendants are properly served with a summons and a copy of the complaint against it. *Cardenas,* 646 F.3d at 1004. Valid service of process is necessary to assert personal jurisdiction over a defendant. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Under Rule 4(e), to serve an individual within a judicial district, a party must do any of the following:

> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Proc. 4(e).

When service is allegedly improper, and a defendant brings a motion to dismiss under Rule 12(b)(5), it is the plaintiff's burden to demonstrate that effective service occurred. *Cardenas*, 646 F. 3d at 1005. A court may consider all evidence introduced by both parties in determining whether proper service occurred. *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453 (7th Cir. 2000). If the court finds plaintiff has not met their burden, the court can extend the time for service if good cause was shown or dismiss the case accordingly. *Chapman v. United States Marshal for N. Dist. of Illinois*, 584 F. Supp. 2d 1083, 1090 (N.D. Ill. 2008).

Brown asserts that she properly effectuated service on all defendants by serving Cunningham, the Town Manager, in accordance with Rule 4(e) (Filing No. 11). Unfortunately for Brown, she did not. Brown was made aware that she needed to comply with the Federal Rules of Civil Procedure and all local rules of this Court, and specifically counseled regarding service:

> As of this date, there is no entry on the Court's docket indicating that Plaintiff has effectuated service upon the Defendants. Pursuant to Federal Rule of Civil Procedure 4(c), Plaintiff is responsible for having the Summons and Complaint served on the Defendants. The Court directs Plaintiff to Rule 4 and the other Federal Rules of Civil Procedure. Rule 4(m) explains,

9

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
> Fed. R. Civ. Pro. 4(m).

Plaintiff shall have through Friday, **August 18, 2023**, to effectuate service upon the Defendants.

([Filing No. 5](#)) (emphasis in original).

Brown assertion that she believed she effectuated service is not good cause. However, the Court need not dismiss the claims against Rhoads, Hamann, Schneider, Fisher, and Castetter. pursuant to Rule 12(b)(5), because dismissal is warranted under rule 12(b)(6) since any claims against these Defendant is duplicative. Dismissal under Rule 12(b)(5) is thus **denied as moot**.

**B.**     **Harrison County Commissioners' Motion to Dismiss**

**1.     No Claims Specifically Pled Against Harrison County Commissioners in their Official Capacities**

Harrison County Commissioners contend Brown's claims against them should be dismissed pursuant to Rule 12(b)(6) because the Complaint fails to assert sufficient facts necessary to support a § 1983 claim (Filing No. 16 at 4). A suit against a government official in his or her official capacity is a way to plead claims against the government entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As stated above, to plead a claim against a local government entity under § 1983, a plaintiff must plead facts that suggest (1) plaintiff was deprived of a constitutional right; (2) the deprivation can be traced "to some municipal action (i.e., 'a policy or custom'), such that the challenged conduct is properly attributable to the municipality itself"; (3) "the policy or custom demonstrates municipal fault, i.e., deliberate indifference"; and (4) "the municipal action was the moving force behind the federal-rights violation." *Thomas*, 74 F.4th at 524.

The Complaint does not specify whether the claims within are being brought against Crawford, Stepro, and Wiseman in their official capacity or in their individual capacity. When a complaint does not specify whether the defendant is being sued in their official or individual capacity, the court required to presume the defendants are being sued in their official capacity. *See Miller v. Smith*, 220 F.3d 491, 493-94 (7th Cir. 2000). As such, Harrison County Commissioners contend the Complaint fails to allege any claims specifically against Harrison County. The Harrison County Commissioners point out that Brown's Complaint states no claims against them as it relates to water and sewer. The Complaint states only that Brown is "being denied full access to Town of Corydon public utilities and services – water/sewer and trash pickup." (Filing No. 1 at 8). Second, Brown's claims against Harrison County Commissioners regarding incorporation[2] fail as a matter of law. Indiana Code § 36-4-3 governs municipal annexation. *See* Ind. Code 36-4-3-2. Traditionally, only cities, towns, or property owners are allowed to initiate annexation proceedings. *See* Ind. Code §§ 36-4-3-2 & 5; *Town of Whitestown v. Rural Perry Tp. Landowners*, 40 N.E.3d 916, 922 (Ind. 2015).

Third, the Complaint alleges that the Harrison County Commissioners are participating in "suspicious actions" that have made her feel "harassed, intimidated, and threatened." (Filing No. 1 at 8). The Complaint fails to state any suspicious actions Harrison County Commissioners participated in. Similarly, Brown fails to explain Harrison County Commissioners' role in the vandalism of the historically black school she has interest in. Brown's displeasure with water/sewer services and law enforcement's response to alleged crimes done by others is not enough for a § 1983 claim against the Harrison County Commissioners. Brown has pled no facts

---

[2] The Court notes Brown, in her Complaint, has requested for her neighborhood to be "incorporated" into the Town of Corydon (Filing No. 1 at 8). However, it appears that Brown is actually seeking annexation.

that give rise to a claim against the Harrison County Commissioners in their official capacities and accordingly their Motion to Dismiss is **granted** for failure to state a claim.

### 2. No Claims Specifically Pled Against Harrison County Commissioners in their Individual Capacities

Harrison County Commissioners contend they should be dismissed in their individual capacities as well because the Complaint does not allege any personal actions taken by Crawford, Stepro, or Wiseman that would give rise to personal liability under § 1983 (Filing No. 16 at 8). Personal-capacity suits seek to "impose individual liability upon a government officer for actions taken under color of state law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To establish personal liability the Complaint must allege facts that demonstrate "the official, acting under color of state law, caused the deprivation of a federal right." *Id.*

The Complaint does not plead any facts suggesting Harrison County Commissioners participated in the Town of Corydon's decision to not supply water/sewer and trash services to Brown or her school. *See Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) ("Lawsuits against individuals require personal involvement in the constitutional deprivation to support a viable claim.") The Complaint also fails to allege Harrison County Commissioners harassed, intimidated, or threatened Brown or vandalized the historically Black school in which Brown has an interest. Brown has pled no facts that give rise to a claim against the Harrison County Commissioners in their individual capacities and accordingly their Motion to Dismiss is **granted**.

### IV. CONCLUSION

For the reasons discussed above, the Town of Corydon Defendants' Motion to Dismiss (Filing No. 9) and the Harrison County Commissioners' Motion to Dismiss (Filing No. 15) are **GRANTED**. Because it may be possible that Brown might have a viable claim under some set of facts that have not been sufficiently alleged, her *pro se* Complaint is **dismissed without**

**prejudice**[3]. Brown is granted **until Friday, December 12, 2023,** to file an amended complaint. If filed, any amended complaint will become the operative complaint in this case. If nothing is filed by this date, the dismissal will be converted to one with prejudice and this case will be closed.

    **SO ORDERED.**

Date: 11/28/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Maxine F. Brown
440 Atwood Street
P.O. Box 441
Corydon, Indiana 47112

Stephen C. Keller
BARNES MALONEY PLLC
skeller@sbmkylaw.com

Pamela G. Schneeman
KNIGHT HOPPE KURNIK & KNIGHT, LTD.
pschneeman@khkklaw.com

---

[3] "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).