UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MAXINE F. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00086-TWP-KMB |
| | ) | |
| TOWN OF CORYDON, | ) | |
| PAUL HAMANN, | ) | |
| HOPE SCHNEIDER, | ) | |
| HARLAN R. FISHER, | ) | |
| DOUG CASTETTER, | ) | |
| CHARLIE CRAWFORD, | ) | |
| NELSON STEPRO, | ) | |
| BRAD WISEMAN, | ) | |
| LESTER RHOADS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SCREENING AND DISMISSING AMENDED COMPLAINT

This matter is before the Court for screening of *pro se* Plaintiff Maxine F. Brown's ("Ms. Brown") Amended Complaint. Under separate Order, the Court granted Defendant Charlie Crawford ("Crawford"), Nelson Stepro ("Stepro"), and Brad Wiseman's ("Wiseman") (collectively, the "Harrison County Commissioners") Motion for Screening of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (Filing No. 25). Also pending is Ms. Brown Request for Leave to Transfer Information from her original Complaint into her Amended Complaint (Filing No. 27).

## I.     PROCEDURAL BACKGROUND

On May 17, 2023, Ms. Brown initiated this action against Defendants Town of Corydon, Paul Hamann ("Hamann"), Hope Schneider ("Schneider"), Harlan R. Fisher ("Fisher"), Doug Castetter ("Castetter"), and Lester Rhoads ("Rhoads"), (collectively, "Town of Corydon Defendants") and the Harrison County Commissioners (Filing No. 1).   Town of Corydon

Defendants and Harrison County Commissioners both filed Motions to Dismiss (Filing No. 9; Filing No. 15).  Both motions to dismiss were granted and Ms.  was given the opportunity to file an amended complaint by Friday, December 12, 2023 (Filing No. 20 at 13). Ms. Brown filed her Amended Complaint December 11, 2023 (Filing No. 22).

## II.    SCREENING STANDARD

When screening an amended complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether the amended complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).  Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III.    AMENDED COMPLAINT

Ms. Brown filed her Amended Complaint using the complaint for civil case form.  She listed 42 U.S.C. § 1981, 42 U.S.C § 1983, and 42 U.S.C. § 1985 as the basis for federal question jurisdiction (Filing No. 22 at 3).  Ms. Brown also requested leave to transfer or incorporate information from her original Complaint into her Amended Complaint (Filing No. 27).  This request is improper because an amended complaint must include all defendants, claims, and factual

allegations the plaintiff wishes to pursue in an action. S.D. Ind. Local Rule 15-1. An amended complaint completely replaces the prior complaint in its entirety and as such it must stand alone without requiring the court to refer back to any previous complaint filed by the plaintiff. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017), and S.D. Ind. Local Rule 15-1). The request to transfer information is **denied**. However, because Ms. Brown is proceeding without counsel and she was not directly instructed concerning Local Rule 15-1, in the interest of justice, the Court will refer to the defendants listed in the original complaint and other allegations where appropriate.

Ms. Brown names the "Town of Corydon, et. al" in the Amended Complaint. The Court notes that in her original complaint, Ms. Brown specifically named the Town of Corydon, Town Council members and individual Harrison County Commissioners–Paul Hamann (Vice-President), Hope Schneider (Council Member), Harlan R. Fisher (Corydon Town Council) , Doug Castetter (Corydon Town Council), Charlie Crawford (Commissioner), Nelson Stepro (Commissioner), Brad Wiseman (Commissioner), and Lester Rhoads (President)–as defendants (Filing No. 1). So, the Court will screen the Amended Complaint concerning all these defendants.

Ms. Brown alleges that she is a Black American and resident of Corydon, Harrison County, Indiana (Filing No. 22 at 7). She alleges that Town of Corydon Defendants and Harrison County Commissioners are denying her full access to public utilities and services such as water, sewer, and trash services. In 2023, she experienced a sewer backup that severely damaged the lower level of her home. *Id.* at 6. Ms. Brown also alleges that she has been experiencing harassment, intimidation, and threats over a five-year or more period. *Id.* She alleges the following incidences:

> 2018 – A rope in the shape of a noose was left on a tree on the Plaintiff's property;
> 2019 – A garbage bag filled with liquid chemicals was left [in] the Plaintiff's carport;
> 2022 – The Plaintiff's automobile was damaged as it sat [in] a carport outside the Plaintiff's home.

2022 – A vent on the outside of the house as well as two ADT signs were removed from the property. Also, one ADT sign was damaged.
2023 – A large section of privacy fence was ripped from the overall fence and thrown on the ground….

*Id.*

Ms. Brown maintains the civil rights violations against her also extend to the historically Black school she purchased and rehabilitated as a cultural and educational center. *Id.* She asserts that both properties – her home and the historic schoolhouse – have been damaged because of the Defendants' conduct. *Id.* at 7. Ms. Brown notes the school has been damaged in the following ways:

1) A large area of a picket fence has been damaged quite a few times;
2) Some windows on the west side of the school were broken;
3) The HVAC system at the school was tampered with and the water/sewer line may need repair

*Id.* at 6-7. Despite informing local law enforcement of the damages, Ms. Brown asserts no one has been held accountable. *Id.* She asks for "monetary compensation and full access to Town of Corydon services" (*see* Filing No. 1 at 8).

## IV.   DISCUSSION

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. Cty. of Cook*, 167 F.3d 381, 387 (7th Cir. 1999). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face....  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted).  *Pro se* complaints, such as that filed by Ms. Brown, are construed liberally, and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Federal question jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint.  28 U.S.C. § 1331.  A plaintiff properly invokes federal question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States.  *See Bell v. Hood*, 327 U.S. 678, 681–85 (1946).  From the Amended Complaint, it appears Ms. Brown is trying to raise claims under § 1983 and § 1985, however her pleading fails to comply with Federal Rule of Civil Procedure 8(a)(2).[1]  *See Twombly*, 550 U.S. at 555 (Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests").  Like her original complaint, Ms. Brown's Amended Complaint fails to state a claim upon which relief can be granted.

First, Ms. Brown's claims are duplicative.  The Amended Complaint brings claims against the Town of Corydon Defendants and Harrison County Commissioners in their official capacities, as well as naming the Town of Corydon and Harrison County Government as defendants.  A claim against an individual in his official capacity is "in all respects other than name, to be treated as a

---

[1] Brown lists 42 U.S.C. § 1981 as a basis for jurisdiction ([Filing No. 22 at 3](#)).  Section 1981 deals with racial discrimination in the making and enforcing of contracts.  The Amended Complaint does not state any facts relevant to this statute.

suit against the [municipal] entity ... for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see Ball v. City of Muncie*, 28 F. Supp. 3d 797, 802 (S.D. Ind. 2014).  All claims against the defendants – Rhoads, Hamann, Schneider, Fisher, Castetter, Crawford, Stepro, and Wiseman – would be dismissed.  Moreover, Ms. Brown has not sued any defendant individually.  Although Ms. Brown lists a series of troubling incidences from 2018 to 2023, she does not allege that any particular defendant (or other person) committed those acts. The Amended Complaint does not plead any facts suggesting that any particular Defendant participated in the Town of Corydon's decision to not supply water/sewer and trash services to Ms. Brown or her school.  *See Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) ("Lawsuits against individuals require personal involvement in the constitutional deprivation to support a viable claim.").

The Amended Complaint also fails to allege that any particular Harrison County Commissioners harassed, intimidated, or threatened Ms. Brown or vandalized the historically Black school in which Ms. Brown has an interest.  Liberally construing the Amended Complaint, Ms. Brown has pled no facts that give rise to a claim against any of the Defendants in their individual capacities.

Second, as stated in the Amended Complaint, Ms. Brown's § 1983 claims are still time-barred by the statute of limitations.  Ms. Brown attempts to cure the deficiencies of the original Complaint by listing specific dates of incidences, with the earliest being tampering with her sewer line in 2017 and the latest in 2023 (a sewer backup that severely damage the lower level of her home).  As noted previously, suits under § 1983 use the statute of limitations and tolling rules that states employ for personal injury claims.  In Indiana, the applicable statute of limitations period is two years.  *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–

4(a). The statute of limitations period begins when the plaintiff knows or has reason to know of the injury giving rise to the cause of the action. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). As filed, Ms. Brown is initiating this action more than two years after any of the alleged constitutional violations occurred.

Third, the Amended Complaint fails to state a claim for municipal liability under § 1983 against the Town of Corydon Defendants or Harrison County Commissioners. There are three types of municipal action that can support municipal liability under § 1983: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019). The Amended Complaint does not state any specific municipal action taken by the Town of Corydon or Harrison County Commissioners.

Lastly, newly raised in the Amended Complaint, Ms. Brown alleges that Defendants have conspired to interfere with her civil rights (*see* Filing No. 22 at 3). To establish a claim for civil conspiracy under § 1985, the plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Hernandez v. Joliet Police Dep't,* 197 F.3d 256, 263 (7th Cir. 1999). These allegations must be plausible, mere suspicion is not enough. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). To satisfy the plausibility requirement, a plaintiff may plead (1) "direct allegations of an agreement, like an admission by a defendant that the parties conspired"; or (2) "more often, circumstantial allegations of an agreement, which are claimed facts that

collectively give rise to a plausible inference that an agreement existed." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 827 (7th Cir. 2019).

The events that Ms. Brown describes are deplorable, and the Court feels empathy for the pain and suffering she has experienced concerning her property. However, there is no factual basis upon which to conclude that either the Town of Corydon Defendants or Harrison County Commissioners conspired or agreed with members of the public to damage the lower level of Ms. Brown's home or the historically Black school she purchased. Unfortunately for Ms. Brown, even liberally construing her pleadings, the Amended Complaint fails to state any claim upon which relief may be granted.

## V.    DISMISSAL OF AMENDED COMPLAINT

For a complaint to survive dismissal, it must include "plausible" allegations. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).  The Amended Complaint, like Ms. Brown's original complaint, fails to state a claim upon which relief may be granted.

The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (*quoting Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)).  However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).  "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist.* 189, 496 F.3d 812, 819 (7th Cir. 2007).

Ms. Brown was given an opportunity to file an amended complaint, and her Amended Complaint fails to provide sufficient claims against the Town of Corydon Defendants or Harrison County Commissioners. Based on its analysis of the claims raised in her Amended Complaint, and the discussion in the Court's Order Granting Defendants' Motions to Dismiss, (Filing No. 20), the Court finds that further opportunities to amend would be futile. Accordingly, this action is **dismissed with prejudice**. In addition, Plaintiff's Request for Leave to Transfer Information (Filing No. 27) is **DENIED**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date:   1/9/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Maxine F. Brown
440 Atwood St.
P.O. Box 441
Corydon, Indiana 47112

Stephen C. Keller
BARNES MALONEY PLLC
skeller@sbmkylaw.com

Pamela G. Schneeman
KNIGHT HOPPE KURNIK & KNIGHT, LTD.
pschneeman@khkklaw.com